David Ali Chami (SBN 027585)
**PRICE LAW GROUP, APC**
1204 E. Baseline Road, Suite 102
Tempe, AZ 85283
T: (818) 907-2030
Fax: (818) 205-2730
David@pricelawgroup.com

Attorney for Plaintiff,
MANRICO LOLLIE

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| MANRICO LOLLIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| GC SERVICES, LP; and DOES 1 through 10, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MANRICO LOLLIE ("Plaintiff"), through his attorneys, PRICE LAW

GROUP, APC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15

U.S.C. 1692, *et seq.*

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Mesa, Maricopa County, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

8. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency headquartered in Houston, Harris County, Texas.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

18. Defendant's employee, Garrett, communicated with Plaintiff in an attempt to collect a debt.

19. Defendant's employee, Garrett, was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect a debt.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a debt from Plaintiff on behalf of the current creditor, United Student Aid Funds, account number 9350856321, Defendant's file number 695631. ("Account").

21. Plaintiff's alleged debt owed to United Student Aid Funds, arises from transactions for personal, family, and household purposes.

22. In approximately the beginning April of 2012, Defendant was hired to collect on the Account.

23. On April 2, 2012, Defendant mailed a collection letter to Plaintiff regarding the Account. *See* Defendant's letter attached as Exhibit A.

24. In April of 2012, within 30 days of receiving Defendant's debt notice letter attached as

Exhibit A, Plaintiff mailed a dispute letter to Defendant and requested validation, among other things.

25. Plaintiff does not owe the alleged debt regarding the Account. *See* USA Fund, Inc.'s, letter dated September 14, 2011, regarding account number 9350856321, attached as Exhibit B.

26. According to USA Fund, Inc.'s, letter attached as Exhibit B, "USA Funds considers your [Plaintiff's] obligation to repay the loan(s) mentioned above satisfied." *Id.*

27. In 2012, Defendant called Plaintiff at Plaintiff's place of employment in an attempt to collect on the Account.

28. Defendant called Plaintiff from 602-714-7788, a telephone number belonging to Defendant.

29. In 2012, Defendant's employee, Garrett, left at least two voicemail messages for Plaintiff, in an attempt to collect on the Account, that failed to state that the communication was from a debt collector. *See* Defendant's transcribed voicemail messages attached as Exhibit C.

30. Defendant's voicemail messages for Plaintiff request a call back at 866-427-4865, a telephone number belonging to Defendant.

31. Defendant's employee, Garrett, spoke with Plaintiff's HR Department regarding the Account.

32. On June 18, 2012, Plaintiff mailed an identical dispute letter to Defendant as Plaintiff mailed in April of 2012, via certified mail return receipt, requesting validation, among other things. *See* Plaintiff's letter dated June 18, 2012, and confirmation of receipt, attached as Group Exhibit D.

4

33. Defendant acknowledged receipt of both letters sent by Plaintiff. *See* Defendant's letter dated June 27, 2012, attached as Exhibit E; and Defendant's letter dated July 3, 2012, attached as Exhibit F.

34. Despite Plaintiff's multiple requests, Defendant failed to provide debt validation to Plaintiff.

35. Despite not providing debt validation, Defendant began to garnish Plaintiff's wages regarding the Account.

36. As of November 27, 2012, Defendant has wrongfully garnished approximately $833.00 of Plaintiff's wages.

37. Defendant is attempting to collect a debt Plaintiff does not owe.

38. Defendant garnished Plaintiff's wages on a debt Plaintiff does not owe.

39. Defendant attempted to collect on the Account without first providing validation to Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

40. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

   d. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the

character, amount, and legal status of Plaintiff's alleged debt.

e.  Defendant violated *§1692e(5)* of the FDCPA by threatening and taking action against Plaintiff that is not legal.

f.  Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

g.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

h.  Defendant violated *§1692f(1)* of the FDCPA by collecting any amount unless such amount is expressly authorized by the agreement creating he debt or permitted by law.

i.  Defendant violated *§1692g(b)* of the FDCPA by continuing to collect on the alleged debt without providing validation to Plaintiff.

WHEREFORE, Plaintiff, MANRICO LOLLIE, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

a.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

b.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

c.  Actual damages; and

d.  Any other relief that this Honorable Court deems appropriate.

///

///

6

DATED:
December 11, 2012

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

By:/s/ David Ali Chami
David Ali Chami
Attorney for Plaintiff